UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                              00-cr-631 (PKC)

       -against-                                                         OPINION
                                                                          AND ORDER

THOMAS BOLERA,

                             Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        A written application from defendant Thomas Bolera requests that the Court "would be so kind as to allow me to seal my record." (Docket # 136.) On March 4, 2005, the late Judge Richard Conway Casey sentenced Bolera principally to one year of probation, including five months of home confinement, and a fine of $10,000, following Bolera's plea of guilty to one count of conspiring to defraud the United States. (3/4/05 Minute Entry; Docket # 117.) The Judgment and Conviction was filed on March 9, 2005. (Docket # 117.) On June 10, 2005 the government filed a Satisfaction of Judgment as to Bolera pertaining to the $10,000 fine and a $100 special assessment. (Docket # 121.) Bolera, who brings this application pro se, asserts that in the years since his conviction, he has built a thriving chiropractic practice and that he endeavors to bring "a positive benefit to the public . . . ." (Docket # 136.) The government opposes Bolera's application and asserts that the Court lacks subject matter jurisdiction to grant the relief sought. (Docket # 140.)

        The Court concludes that it lacks subject matter jurisdiction to seal Bolera's criminal records for the reasons explained in Doe v. United States, 833 F.3d 192 (2d Cir. 2016). In Doe, the applicant requested that her criminal records be "expunged" approximately thirteen

years after her judgment and conviction, explaining that her criminal record was negatively affecting her employment prospects.  Id. at 194-95.  The district court granted the application and directed the government to seal all hard-copy records and to delete the electronic records of Doe's conviction.  Id.  The Second Circuit held that the district court lacked subject matter jurisdiction to grant such relief "because Doe's conviction was valid and the underlying criminal case had long since concluded."  Id. at 196 (citing 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.")).  It noted that the Federal Rules of Criminal Procedure provide for limited jurisdiction only over certain specific categories of post-judgment motions.  Id.  "None of these rules remotely suggests, however, that district courts retain jurisdiction over any type of motion years after a criminal case has concluded."  Id.

Doe also concluded that the district court lacked ancillary jurisdiction over the application.  Id. at 198-99.  It explained that "'[t]he boundaries of ancillary jurisdiction are not easily defined and the cases addressing it are hardly a model of clarity,' but '[a]t its heart, ancillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction.'"  Id. at 197 (emphasis in original; quoting Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006)).  The exercise of ancillary jurisdiction may be required for a court to "'manage its proceedings, vindicate its authority, and effectuate its decrees.'"  Id. at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994)).  It also may be necessary "'to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . .'"  Id. (quoting Kokkonen, 511 U.S. at 379)).  Doe explained that where "[t]he District Court's sentence had long ago concluded and its decrees long since expired . . . expunging a record of conviction on equitable grounds is entirely unnecessary to" advance the

goals identified in Kokkonen.  Id.  It noted that the applicant sought to expunge or seal her records based on events that were independent of the facts of her criminal proceeding and sentence, and specifically related to her efforts to obtain employment.  Id. at 199.

Doe also observed that Congress has authorized district courts to expunge past convictions under certain specific circumstances, though not the ones raised in Doe's application.  Id. at 199.  "We think it significant (though not dispositive) that Congress failed to provide for jurisdiction under the circumstances that exist here."  Id.

Following Doe, courts have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress.  See, e.g., Mount v. United States, 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021) ("Relevant here, federal district courts do not have subject matter jurisdiction to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress."); Patterson v. United States, 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020) (same) (collecting cases); White v. Dortch, 2017 WL 8780774, at *3 (S.D.N.Y. Nov. 28, 2017) (denying motion to expunge criminal records) (McMahon, C.J.).

The reasoning of Doe applies to Bolera's application.  His Judgment and Conviction was entered on March 9, 2005, and his sentence of probation concluded approximately one year later.  The Court does not now have subject matter jurisdiction over his sealing application under 18 U.S.C. § 3231.  The Court also does not have ancillary jurisdiction over the sealing application because the relief sought does not relate to the management of proceedings or the enforcement of a court's authority or decrees, nor does it relate to disposition of a claim that is factually interdependent with the underlying criminal proceeding.  The Court is also unaware of any Federal Rule of Criminal Procedure or statute that establishes jurisdiction

for the type of relief that Bolera seeks.  See, e.g., Rule 35(b)(2), Fed. R. Crim P. (setting forth circumstances where the government may move for a sentencing reduction in light of a defendant's substantial assistance); 18 U.S.C § 3607(c) (allowing courts to "enter an expungement order" in certain circumstances if the defendant committed a narcotics offense when younger than twenty-one).

In addition to the threshold issue of subject matter jurisdiction, the Court notes that under the First Amendment and common law, there is a qualified right of public access to judicial documents, including those in criminal cases.  See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995).  That right of access may be overcome if an applicant makes a strong showing of a countervailing privacy interest, or, for example, where disclosure would place a person's safety at risk.  See Hartford Courant, 380 F.3d at 98.  Bolera has not identified such an interest here.  His account of his successful career and his goal of bringing "a positive benefit to the public" are most commendable, but they do not outweigh the right of public access to judicial documents and orders, and do not identify a privacy interest that supports sealing.

Bolera's application is therefore DENIED.  (Docket # 140.)

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 9, 2021

COPY MAILED TO: Thomas Bolera, 7641 Legendary Lane, West Chester, OH  45069